STATE OF NORTH CAROLINA
v.
MAURICE MURDOCK, Defendant.
No. COA09-615.
Court of Appeals of North Carolina.
Filed: January 19, 2010.
This case not for publication
Attorney General Roy Cooper, III, by Assistant Attorney Lisa Y. Harper, for the State.
Winifred H. Dillon for defendant-appellant.
HUNTER, Robert C., Judge.
Defendant appeals from an order entered 27 June 2008, which required defendant to enroll in lifetime satellite-based monitoring ("SBM"). On appeal, defendant contends that the order violated his plea agreement with the State and the ex post facto clause of the United States Constitution. After careful review, we affirm the trial court's order.

Background
On 29 July 2002, defendant pled guilty to two counts of second degree sexual offense. Pursuant to his plea agreement, the State dismissed additional charges for crimes against nature and statutory sexual offenses. Per his agreement with the State, the trial court consolidated the two counts of second degree sexual offense and defendant was sentenced to 55 to 75 months imprisonment. Defendant served his sentence and was released from the Department of Correction on 12 January 2007.
On 3 March 2008, the Department of Correction mailed a notice to defendant requiring him to appear at a hearing to be held on 27 June 2008 in order to determine his eligibility for SBM. At the hearing, the court found that defendant was eligible for SBM pursuant to N.C. Gen. Stat. § 14-208.40 (2007) and that defendant had been convicted of an aggravated offense, as defined by N.C. Gen. Stat. § 14-208.6(1a) (2007). Accordingly, defendant was ordered to submit to SBM for the remainder of his natural life.

Analysis

I. Defendant's Appeal
Defendant argues that: (1) the imposition of SBM violated the ex post facto clause of the United States Constitution; and (2) the trial court's order violated his plea agreement with the State because the agreement did not require him to submit to SBM. State v. Bare, ___ N.C. App. ___, 677 S.E.2d 518 (2009) is controlling on both issues.
First, Bare held:
[T]he restrictions imposed by the SBM provisions do not negate the legislature's expressed civil intent. Defendant has failed to show that the effects of SBM are sufficiently punitive to transform the civil remedy into criminal punishment. Based on the record before us, retroactive application of the SBM provisions do not violate the ex post facto clause.
Id. at ___, 677 S.E.2d at 531. According to this Court's holding in Bare, the imposition of SBM in the present case did not violate the ex post facto clause and defendant's argument to the contrary is without merit.
Second, Bare held that SBM was not a criminal punishment that the defendant should have been made aware of prior to his plea; rather, it was a collateral consequence of his plea. Id. Therefore, because SBM is not an additional criminal punishment for the crimes to which defendant pled guilty, the imposition of SBM does not violate his plea agreement. See id.; accord State v. Wagoner, ___ N.C. App. ___, ___, 683 S.E.2d 391, 400 (2009).

II. Motion for Appropriate Relief
Defendant has filed a Motion for Appropriate Relief ("MAR") with this Court alleging ineffective assistance of trial and appellate counsel ("IAC"). Specifically, defendant claims that both his trial counsel and his appellate counsel failed to argue that his due process rights were violated because the hearing notice he received from the Department of Correction did not indicate which of the categories of offenders listed in N.C. Gen. Stat. § 14-208.40(a) applied to him and did not explain the basis for the determination that he qualified for SBM. Defendant cites State v. Stines, ___ N.C. App. ___, 683 S.E.2d 411 (2009) in support of his due process argument, although he acknowledges that the argument has not been preserved for appellate review.
This Court has recently stated that "a claim for ineffective assistance of counsel is available only in criminal matters, and we have already concluded that SBM is not a criminal punishment." Wagoner, ___ N.C. App. at ___, 683 S.E.2d at 400. Accordingly, we dismiss defendant's MAR.
Affirmed.
Judges CALABRIA and GEER concur.
Report per Rule 30(e).